UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCOS ALBERTO ESPINOZA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:20-cv-00464-DCN<br>         1:17-cr-00227-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court in the above-entitled matters is Petitioner Marcos Alberto Espinoza's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (CR-227, Dkt. 83; CV-464, Dkt. 1).[1] The parties have filed their responsive briefing on the Motion and/or the time for doing so has passed. The matter is, therefore, ripe for the Court's review.

## II.   BACKGROUND

On September 13, 2017, a federal grand jury indicted Espinoza on three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR-227, Dkt. 1. The Court accepted Espinoza's plea of guilty for the third count on April 4, 2018, and was advised that the Government would move to dismiss the first two counts during sentencing. CR-227, Dkt. 38. The next day, the Government filed a plea agreement both parties had signed on April 4, 2018. CR-227, Dkt. 39. A presentence investigation

---

[1] In this Order, "CR-227" is used when citing to the criminal case record in 1:17-cr-00227-DCN, and "CV-464" is used when citing to the civil case record in 1:20-cv-00464-DCN.

MEMORANDUM DECISION AND ORDER-1

report ("PSR") was subsequently filed, (CR-227, Dkt. 48), and amended (CR-227, Dkt. 51). On July 12, 2018, Espinoza's counsel filed objections to the PSR.

On August 23, 2018, the Court held a sentencing hearing for Espinoza. CR-227, Dkt. 59. After hearing arguments, including oral objections to the PSR, the Court sentenced Espinoza to 188 months of incarceration and five years of supervised release on the third count and dismissed, on the Government's motion, the first two counts. *Id*. Espinoza appealed his sentence. CR-227, Dkt. 62. On May 5, 2020, the Ninth Circuit issued its formal mandate entering its judgment. CR-227, Dkt. 82.

On October 2, 2020, Espinoza filed his pending § 2255 petition. CR-227, Dkt. 83; CV-464, Dkt. 1. The Government responded to Espinoza's petition. CV-464, Dkt. 5. Espinoza did not file a reply.

### III. TIMELINESS OF PETITION

Under the applicable statute of limitations, a § 2255 motion must be brought within one year after a judgment of conviction becomes final unless the motion has been statutorily tolled according to 28 U.S.C. § 2255(f)(2)–(4). A judgment of conviction becomes final when it "has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Espinoza's § 2255 petition was timely filed.

### IV. STANDARD OF LAW

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

MEMORANDUM DECISION AND ORDER-2

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quotation marks omitted) (alteration in original). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to

MEMORANDUM DECISION AND ORDER-3

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also* 28 U.S.C. § 2253(c)(2). Although the petitioner need not prove the merits of his case for the court to issue a certificate of appealability, the petitioner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

## V. DISCUSSION

Espinoza alleges his counsel provided ineffective assistance on three grounds: (1) failing to object to a guideline enhancement for possessing a dangerous weapon; (2) failing to object to a guideline enhancement for his leadership role; and (3) failing to review the PSR with him prior to sentencing.

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The federal law governing claims of ineffective assistance of counsel is stated in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and its progeny. In short, a challenger must prove both: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

The Court first turns to Espinoza's claim that his counsel failed to object to a two-level enhancement under § 2D1.1(b)(1) for possessing a dangerous weapon, thereby rendering ineffective assistance of counsel. CV-464, Dkt. 1, at 4; Dkt. 1-1, at 9. Contrary to Espinoza's allegation, his counsel filed a written objection to the enhancement prior to

sentencing. *See* CR-227, Dkt. 55, at 1-2 ("The Defense requests paragraph 44 be amended to remove the two-level enhancement under 2D1.1(b)(1) for use of a firearm . . . The Court should not apply the enhancement."). Further, Espinoza's counsel objected to this enhancement during the sentencing hearing. *See* CR-227, Dkt. 66, at 40 (counsel arguing "we dispute that the Court should give him a firearm enhancement"). Despite counsel's arguments, the Court found that there was a sufficient nexus between the firearm possession and the offense to apply the two-level enhancement. *Id*. at 52. Because Espinoza's claim that his counsel failed to object to a two-level enhancement under § 2D1.1(b)(1) for possessing a dangerous weapon is inaccurate, his ineffective assistance of counsel claim is without merit.

The Court next turns to Espinoza's claim that his counsel failed to "properly object" to a four-level guideline enhancement for his leadership role. CV-464, Dkt. 1, at 5; Dkt. 1-1, at 10. Espinoza's counsel conceded that Espinoza's conduct qualified for a two-level leadership enhancement but logged written objections (CR-227, Dkt. 55, at 410) and orally objected during sentencing to the four-level enhancement (CR-227, Dkt. 66, at 40). The Court surmises that when Espinoza argues that "[n]o proper objection was ever made by Espinoza's counsel," (CV-464, Dkt. 1-1, at 1), he is in fact arguing his counsel was deficient because the Court did not sustain his counsel's objection, as the record clearly shows that his counsel objected to the four-level leadership enhancement. Espinoza has not otherwise identified how his counsel performed deficiently and, therefore, his argument is unavailing.

Finally, Espinoza contends that his counsel failed to review the PSR with him prior

MEMORANDUM DECISION AND ORDER-5

to sentencing. He argues that he "did not have an opportunity to examine the [PSR] or to obtain full knowledge of its contents until sometime after he was sentenced," and thus was not adequately familiar with the PSR during his sentencing hearing. CV-464, Dkt. 1-1, at 19. The record contradicts Espinoza's claim. The Court began the sentencing hearing by informing the parties that a PSR had been prepared. The Court then directly asked Espinoza if he "had an opportunity to go over the report with [his] counsel?" CR-227, Dkt. 66, at 2. Espinoza responded, "Yes, sir." *Id*. at 3. Therefore, Espinoza's claim is factually unsupported.

After reviewing Espinoza's claims and the record, the Court finds that Espinoza has not shown ineffective assistance of counsel that would entitle him to relief. Counsel's performance can be held constitutionally deficient only if it "fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688. The Court conducts a "highly deferential" review of counsel's conduct because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.; *see also Earp v. Cullen*, 623 F.3d 1065, 1074 (9th Cir. 2010).

There is nothing in the record to overcome the strong presumption that counsel acted within the objective standard of reasonableness. Despite Espinoza's claim, Espinoza's counsel lodged objections concerning the gun possession enhancement and leadership enhancement. Further, the Court does not conclude that any particular act or omission of

MEMORANDUM DECISION AND ORDER-6

Espinoza's counsel was unreasonable, even though his objections were ultimately unsuccessful. Additionally, Espinoza's allegations that he did not review the PSR, when reviewed against the record, are "palpably incredible or patently frivolous." *See Withers*, 638 F.3d at 1062–63. Finding that Espinoza's counsel was not deficient, the Court need not address whether Espinoza was prejudiced by his counsel's performance. *See Hein v. Sullivan,* 601 F.3d 897, 918 (9th Cir. 2010) ("[W]e may dispose of [the ineffective assistance of counsel] claim if [the claimant] fails to satisfy either prong of the two-part test.").

## VI. CERTIFICATE OF APPEALABILITY

Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## VII. ORDER

NOW IT IS HEREBY ORDERED:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1, Case No. 1:20-cv-00464) (Dkt. 83, Case No. 1:17-

MEMORANDUM DECISION AND ORDER-7

cr-00227-DCN) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil cases.

2. The Certificate of Appealability is **DENIED.**

DATED: February 24, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER-8