UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>MARCOS ALBERTO ESPINOZA<br><br>    Defendant. | Case No. 1:17-cr-00227-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Marcos Espinoza's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 105. The Government has filed an Opposition to Espinoza's Motion. Dkt. 107. Espinoza filed a Reply. Dkt. 109. The matter is now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

# II. BACKGROUND

On September 13, 2017, a federal grand jury indicted Espinoza on three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt. 1. The Court accepted Espinoza's plea of guilty for the third count on April 4, 2018, and was

advised that the Government would move to dismiss the first two counts during sentencing. Dkt. 38. The next day, the Government filed a plea agreement both parties had signed on April 4, 2018. Dkt. 39. A presentence investigation report ("PSR") was subsequently filed, (Dkt. 48), and amended (Dkt. 51).

On August 23, 2018, the Court held a sentencing hearing for Espinoza. Dkt. 59. After hearing arguments, including oral objections to the PSR, the Court sentenced Espinoza to 188 months of incarceration and five years of supervised release on the third count and dismissed, per the Government's motion, the first two counts. Dkt. 61. Espinoza appealed his sentence. Dkt. 62. Upon the Government's motion, the Ninth Circuit dismissed Espinoza's appeal finding the appellate waiver he signed was in full force and effect. Dkt. 81. On May 5, 2020, the Ninth Circuit issued its formal mandate entering its judgment. Dkt. 82.

On September 14, 2022, Espinoza filed the current Motion for Compassionate Release. Dkt. 105. He argues for a sentence reduction from 188 months to a sentence between 121-151 months. He claims a sentence between 121-151 months would be in line with the PSR. Dkt. 105–1, at 2.[1]

The Government objected to the initial PSR and sought a two-level increase to the offense level because Espinoza possessed a firearm. Dkt. 50–1, at ¶¶ 1–4. The Government also sought a four-level increase because Espinoza was an organizer of criminal activity

---

[1] It's important to note that there were two PSR's filed—an initial report and an amended report. The amended report was written after the Government objected to the initial report. *See* Dkt. 50–1, at ¶¶ 1–4. The initial report recommended a guideline range between 151 to 188 months. Dkt. 48, at ¶ 100. The final report recommended a guideline range between 235 to 293 months. Dkt. 50, at ¶ 100. Regardless, the Court is unsure how Espinoza came up with the PSR range of 121–151 months.

MEMORANDUM DECISION AND ORDER - 2

and/or was otherwise extensively involved. Dkt. 50–1, at ¶ 4.[2] The amended report reflected the Government's requests and recommended a sentence between 235 to 293 months. Dkt. 50, at ¶ 100. Espinoza argues that the four-point increase was in error—he claims he should not be considered an organizer of criminal activity. He also contends that he was never in possession of a firearm. *Id.* at 3. Finally, Espinoza also requests the appointment of legal counsel. *Id.* at 1.

In the Government's Opposition, it argues there are no extraordinary or compelling reasons to justify early release. Dkt. 107, at 3–4. Moreover, it argues the § 3553(a) factors do not weigh in favor of release. *Id.* at 4.

### III. LEGAL STANDARD

Espinoza seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[3] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

---

[2] The original PSR included a two-level increase for Espinoza's role as an organizer. The Government sought an additional two level on top of that.

[3] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Appointment of Legal Council

As a preliminary matter, Espinoza is not entitled to legal counsel. Although he states that he is illiterate and cannot read or write in the English language, the Court is not inclined to grant his request. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). The decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Espinoza filed the current motion with the assistance of legal aid at his prison facility. The Court finds that this is adequate. Accordingly, the Court DENIES Espinoza's request to appoint counsel.

### B. Exhaustion of Administrative Remedies

---

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 4

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Espinoza submitted a request for compassionate release with his Counselor on July 7, 2022. Dkt. 105, at 2. On July 19, 2022, a Counselor responded to the request by noting that he is unable to resolve Espinoza's request at that level. *Id.* The Counselor stated that Espinoza should see Espinoza's unit team to discuss. *Id.* It's unclear whether the warden ever made an official determination or even if Espinoza made a request to the warden.[5] The Court cannot say with complete assurance that Espinoza exhausted his administrative remedies. However, even if Espinoza exhausted his remedies, the Court would still deny his request for the reasons stated below.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

---

[5] Espinoza notes in his Motion that he submitted a request to the warden on August 2, 2022. Dkt. 105–1, at 4. However, the Court has no way of verifying this information as Espinoza did not provide any record of such a request.

MEMORANDUM DECISION AND ORDER - 5

3582(c)(1)(A)(i). Espinoza bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a

defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Espinoza makes three principle arguments to support of his contention that there are extraordinary and compelling reasons to grant a sentence reduction.

First, he argues that there is a sentencing disparity between his sentence and other defendants of similar records. Dkt. 105–1, at 2–3. The Court disagrees. The Court sentenced Espinoza to 188 months—a sentence within the guideline range.[6] Espinoza's only support that there was sentencing disparity is summed up by his next two arguments: (1) that he has no criminal history; and (2) that the four-level enhancement for his leadership role and the two-level firearm enhancement were unwarranted. Dkt. 105–1, at 2–3. These arguments, however, are merely reiterations of arguments Espinoza made during the sentencing hearing. For this reason, and for those stated below, the Court does not agree with Espinoza.

Second, as noted above, Espinoza contends that he should receive a lesser sentence due to the fact that he had no criminal history prior to the present offense. Dkt. 105–1, at 4. He contends that "[t]here exists no prevailing or over whelming circumstances that would justify a sentence variance of such magnitude." *Id.* However, as the Government points out, Espinoza sold 735.04 grams of methamphetamine to an undercover officer on

---

[6] The Government stated that the 188-month sentence was below the guideline range. Dkt. 107, at 2. It noted that the range was between 235 to 293 months. *Id.* This is incorrect to a certain degree. While it may have been below the *initial* guideline range, during sentencing, the Court determined it would not account for the purity testing of the drugs at issue. Dkt. 66, at 53. If the Court had, the guideline range would have been between 235 to 293 months. Dkt. 50, at ¶ 118. But because the Court did not account for the purity testing, the true guideline range was 151 to 188 months. *Id.*

MEMORANDUM DECISION AND ORDER - 7

three separate occasions, was in possession of a firearm during relevant conduct, and was found to be extensively involved in drug related activity. Dkt. 107, at 2; Dkt. 66, at 52. In other words, there are prevailing circumstances that warranted Espinoza's sentence. The Court finds no reason to change its original sentence. Again, Espinoza merely reiterates arguments made during his sentencing hearing. *See* Dkt. 66, at 46. Given that Espinoza has not provided anything new, the Court struggles to find an extraordinary or compelling reason to justify a reduction in sentence.

Third, Espinoza contends that the four-level enhancement for his leadership role and the two-level enhancement for possession of a firearm was unwarranted. Dkt. 105–1, at 3. Again, the Court disagrees. This issue was discussed at length during the sentencing hearing. *See* Dkt. 66. The Court determined both enhancements were appropriate under the circumstances. Accordingly, the Court will incorporate the findings from the sentencing hearing as part of this Order.

There are no new arguments presented by Espinoza that were not addressed during the hearing. As such, the Court finds that there are no extraordinary or compelling reasons to grant Espinoza's Motion.

Therefore, the Court cannot depart from its prior sentence and reduce Espinoza sentence at this time. Accordingly, the Court must DENY Espinoza's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Espinoza's Motion to Appoint Counsel (Dkt. 105) is DENIED.

2. Espinoza's Motion for Compassionate Release (Dkt. 105) is DENIED.

3. Unrelatedly, Espinoza's Motion for Copies (Dkt. 103) is DENIED as MOOT since he has already filed his § 2255 Petition (*See* Case 1:20-cv-00464-DCN).

DATED: December 22, 2022

David C. Nye
Chief U.S. District Court Judge