UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>MARCOS ALBERTO ESPINOZA,<br><br>    Defendant. | Case No. 1:17-cr-00227-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Marcos Alberto Espinoza's Motion for Compassionate Release. Dkt. 116. The Government opposes the Motion. Dkt. 120.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Espinoza's Motion.

## II. BACKGROUND

On August 26, 2018, Marcos Alberto Espinoza pled guilty to one count of distributing methamphetamine. Dkt. 36. The Court subsequently sentenced Espinoza to 188 months of imprisonment with a supervised release term of five years to follow. Dkt. 59. Espinoza is currently serving his sentence at Federal Correctional Institution Lompoc

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

I ("FCI Lompoc I") in Lompoc, California. He has served approximately 60% of his sentence. Dkt. 116, at 2. His projected release date is January 24, 2031. *Id.*

On October 4, 2024, Espinoza filed a request for compassionate release with the Warden of FCI Lompoc I and has yet to receive a response. *Id.* at 3; Dkt. 116-3. Subsequently, Espinoza filed his second Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) on October 15, 2024. Dkt. 116.[2]

In support of his motion, Espinoza points to his good conduct and completion of various educational programs while in prison. Dkt. 116, at 5. He also cites his work responsibilities within prison as justification for his compassionate release. *Id.* However, Espinoza's email to the Warden of FCI Lompoc I outlined "several Medical issues"—followed by a list of treating medications—and the need to care for his aging parents as reasons for release. Dkt. 116-3. In other words, his request to the Warden and his current briefing are inconsistent. More on that later.

The Government responded to Espinoza's Motion for Compassionate Release on December 6, 2024. Dkt. 120. Espinoza filed a reply to the Government's rebuttal on January 13, 2025. Dkt. 121. In his reply, Espinoza again cites his conduct while incarcerated—specifically his completion of educational classes and holding of work responsibilities—as reasons justifying his compassionate release. Dkt. 121, 2–3. But Espinoza also discusses his need to care for family members who are in poor health. Dkt. 121, at 2.

---

[2] Espinoza filed his first Motion for Compassionate Release in 2022 (Dkt. 105) which the Court denied (Dkt. 110).

MEMORANDUM DECISION AND ORDER - 2

## III. LEGAL STANDARD

Espinoza seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

///
///

MEMORANDUM DECISION AND ORDER - 4

## IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Espinoza attached a copy of his email to the Warden of FCI Lompoc I sent on October 4, 2024. Dkt. 116-3. Additionally, Espinoza asserted in his motion that he had not received a response to that email. Dkt. 116, at 3. The Government agrees that Espinoza has met the exhaustion requirement. Dkt. 120, at 3. Because of the inconsistencies between his filing with the Warden and his filings now, the Court finds Espinoza has exhausted his administrative remedies as to his medical and familial claims and will continue to the next stage of its inquiry.

**B. Extraordinary and Compelling Reasons**

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Espinoza's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Espinoza bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Here, Espinoza's initial email to the Warden requesting compassionate release cited

two reasons in support: a need to treat several existing medical issues and a need to provide care and support to family members. Dkt. 116-3. However, his Motion to the Court does not mention these needs. Dkt. 116, at 5. Rather, Espinoza argues that his work, completion of several classes and programs, and overall good conduct while incarcerated justify his compassionate release. Id.[4]

While the Court commends Espinoza's work ethic and good behavior, Espinoza's Motion to the Court and his request to the Warden are based on separate factors—Espinoza argues health and family needs to the Warden, but then argues good behavior to the Court. Accordingly, the Court can only base its decision here on the medical and familial justifications presented to the Warden, as those are the only arguments that have been exhausted via the administrative process under 18 U.S.C. § 3582(c)(1)(A). While medical and familial circumstances can be valid justifications for compassionate release, Espinoza only mentions these issues briefly without any medical documentation. Dkt. 116-3. Specifically, Espinoza does not provide any documentation or records outlining his own medical conditions or any explanation as to why those conditions are not actively being managed by the BOP. This dooms his personal medical claim. As for his family, the Court notes that the circumstance at issue here is typically limited to a spousal relationship or a parent/minor child relationship. U.S.S.G. § 1B1.13, cmt. n.1 (C). The Court is sympathetic to Espinoza's concerns for his parents, but those concerns are not extraordinary. See, e.g., United States v. Crisp, 2022 WL 3448307, at *5 (E.D. Cal. Aug. 17, 2022) ("Many inmates

---

[4] As noted, there are some references to the health of family members in Espinoza's reply. Dkt. 121, at 2.

MEMORANDUM DECISION AND ORDER - 6

have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one.").

Because Espinoza lacks documentation to support either of these claims, the Court finds that his circumstances are neither extraordinary nor compelling.

Finally, and in spite the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Espinoza's release at this time.[5] Again, the Court commends Espinoza's work ethic and behavior while incarcerated. However, Espinoza's crime and its accompanying circumstances were unquestionably serious as pointed out by the Government. Dkt. 120, at 2–3. Accordingly, the Court finds that the public is best protected by Espinoza's continued incarceration at this time.

## V. CONCLUSION

In sum, Espinoza has exhausted his administrative remedies regarding his medical and familial claims. That said, he has failed to demonstrate an "extraordinary and

---

[5] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Espinoza at this time. Accordingly, the Court must DENY Espinoza's motion without prejudice.

## VI. ORDER

The Court HEREBY ORDERS:

1. Espinoza's Motion for Compassionate Release (Dkt. 116) is DENIED.

DATED: February 11, 2025

David C. Nye
Chief U.S. District Court Judge